[S. F. No. 1413. Department One.—August 11, 1900.]

In the Matter of the Estate of JACOB RICH, an Insolvent Debtor. SANTA CLARA VALLEY MILL AND LUMBER COMPANY, Appellant, v. JACOB RICH, Respondent.

INSOLVENCY—OPPOSITION OF CREDITOR TO DISCHARGE—SPECIFICATIONS—SEPARATE DEFENSES.—The specifications of a creditor of an insolvent debtor in opposition to his discharge are in the nature of separate defenses thereto, and any of them which show sufficient ground for the opposition must be answered and found in favor of the debtor to entitle him to his discharge.

ID.—QUALIFIED RULINGS — SUFFICIENT SPECIFICATIONS UNANSWERED — ERRONEOUS DISMISSAL AND DISCHARGE.—After qualified rulings striking out part of the specifications of the creditor, and sustaining a demurrer to several others for ambiguity and uncertainty only, where others are left unanswered which set forth fraudulent conduct of the insolvent sufficient to deprive him of the right to a discharge, such unanswered specifications render a dismissal of the opposition for failure of the creditor to amend it after the ruling upon the demurrer for uncertainty, and a consequent discharge of the insolvent, erroneous, and subject to reversal upon appeal.

ID.—GENERAL AND SPECIAL DEMURRER—FORM OF RULING IMMATERIAL.—The form of ruling upon a general and special demurrer to the opposition sustaining the special demurrer only to part of the specifications cannot affect the result, whether such ruling be regarded as overruling the general demurrer to the opposition or as failing to pass upon it; as in either case the order dismissing the opposition and granting the discharge, when sufficient specifications were unanswered, is erroneous.

APPEAL from orders of the Superior Court of Santa Clara County dismissing the opposition of a creditor to the discharge of an insolvent debtor and granting such discharge. A. S. Kittredge, Judge.

The facts are stated in the opinion of the court.

Francis E. Spencer, and D. W. Burchard, for Appellant.

S. F. Leib, for Respondent.

HARRISON, J.—Jacob Rich was adjudicated an insolvent by the superior court of Santa Clara county June 4, 1896, and in

due time thereafter filed his petition to be discharged from his debts.  The Santa Clara Valley Mill and Lumber Company, a corporation, is one of the creditors of said insolvent, and for the purpose of opposing his discharge filed certain specifications— twelve in number—of the grounds of its opposition, in each of which it set forth facts upon which it claimed that the petition should be denied.  Upon the motion of the insolvent the court struck out two of these specifications and a portion of another, upon the ground that they were irrelevant.  The insolvent also filed a demurrer to the opposition upon the ground that it did not state facts sufficient to prevent him from being entitled to his discharge, and in his demurrer he also pointed out and specified portions of three of the specifications which he claimed were ambiguous and uncertain, and demurred to them upon those grounds.  After hearing argument upon the demurrer, the court ordered that the demurrer "be sustained only upon the grounds mentioned in paragraphs 4 to 12, both inclusive, of said demurrer," and giving to the creditor leave to amend, if it so desired.  The paragraphs of the demurrer referred to in the order are those in which certain averments contained in the specifications of opposition, numbered 5, 6, and 10, are demurred to upon the ground of ambiguity and uncertainty.  The court made no order with reference to the paragraphs of the demurrer which refer to the entire opposition.  No amendment having been filed by the creditor, the court, upon the motion of the insolvent, made an order *ex parte* dismissing the opposition, and thereafter made an order discharging the insolvent from his debts.  From these orders the creditor has appealed.

Section 53 of the Insolvent Act (Stats. 1895, p. 148) enumerates various grounds for refusing a discharge of the insolvent from his debts, and section 54 provides the mode in which these grounds, or any one of them, may be brought to the attention of the court by declaring that "any creditor opposing the discharge of a debtor shall file specifications in writing of the grounds of his opposition; and after the debtor has filed and served his answer thereto, which pleadings shall be verified, the court shall try the issue or issues raised, with or without a jury, according to the practice provided by law in civil actions."

In the present case the appellant filed twelve different speci-

fications of the grounds of its opposition to the discharge of the insolvent, each of which, if undisputed, or if denied by the verified answer of the insolvent, should be determined by the court to exist, deprived him of a right to his discharge. Two of these specifications and a portion of a third were struck out by the court as irrelevant, and portions of the others were held to be subject to demurrer for ambiguity and uncertainty. Six of the specifications were not answered by the insolvent, nor did the court make any order by which he was freed from the necessity of answering them. The facts stated in either of these are such as to deprive the insolvent of his right to a discharge, and the court had no authority to grant his discharge until after he had filed his verified answer thereto, and it had been determined that these grounds of opposition did not exist.

The contention of the respondent that the order of the court upon his demurrer to the creditor's opposition is to be regarded as would be an order sustaining a demurrer upon one of several grounds to the sufficiency of a complaint is untenable. The "specifications" of the opposition authorized by section 54, and which were made in the present case, are in the nature of separate defenses to the application for a discharge, and each is to be considered and determined independently of the others. The irrelevancy of one specification, or an ambiguity of statement sufficient to authorize it to be disregarded, cannot be invoked to impair the effect of another specification which in itself is sufficient to defeat his application. If the whole of specifications 5, 6, and 10, in which are contained the portions held by the court in its order upon the demurrer to be ambiguous and uncertain, are disregarded or struck out of the opposition, the specifications setting forth his refusal to deliver to the assignee his books of account, and his concealment thereof—his fraudulent preference of certain creditors—his concealment of a portion of his estate, and his admission of certain false and fictitious claims against his estate, still remain and are sufficient to deprive him of the right to a discharge.

This result is not affected by the form in which the court made its order upon the demurrer. The first portion of the order, wherein it purports to sustain the demurrer to the opposition, is qualified by the clause immediately following, in which

it declares that it sustains it only upon certain grounds. By its declaration that the demurrer is sustained only upon the grounds mentioned in certain paragraphs thereof, the court in plain terms declined to sustain that portion of the demurrer which is directed to the opposition as an entirety, and limited its action to those grounds of the demurrer which refer to only three of the specifications. Whether this omission is to be regarded as equivalent to overruling the demurrer in these respects or as leaving it still undetermined is immaterial, as each of the specifications of the opposition is a distinct ground for denying the application. Those to which the demurrer is not sustained, or to which the order upon the demurrer was not directed, remain upon the record to be answered by the insolvent before the court can act upon his application for a discharge.

The orders appealed from are reversed.

Garoutte, J., and Van Dyke, J., concurred.